IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 1:17-cv-00869-LTB

COLLEEN Y. WEST

       Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

       Defendant.

_____

ORDER
_____

Plaintiff Colleen West appeals the final decision of the Acting Commissioner of Social Security ("SSA") denying her application for Supplemental Security Income under the Social Security Act, 42 U.S.C. §§ 1381–1383c. I have considered the parties' briefs (ECF Nos. 14–16) and the administrative record (ECF No. 11) ("AR"). Oral argument would not materially assist me in determining this appeal.

Ms. West argues the Administrative Law Judge ("ALJ") erred when he found that she only had one severe impairment, erred when he failed to obtain relevant records, erred in his evaluation of her residual functional capacity ("RFC"), and erred when he determined that Ms. West had past relevant work as a telemarketer. Because I conclude that the ALJ erred by failing to obtain pertinent medical records before evaluating whether Ms. West was disabled, I decline to reach Ms. West's

other arguments. I accordingly REVERSE the SSA's decision and REMAND this case for proceedings consistent with this opinion.

## I. Background

Ms. West filed her claim for Supplemental Security Income with SSA in May 2013, alleging disability beginning on July 1, 1997. AR 116–22. After SSA initially denied her claim, AR 50–54, Ms. West requested a hearing, AR 60–61. The hearing took place on January 19, 2016, before an ALJ. AR 146–92. On February 24, 2016, the ALJ denied Ms. West's claim, concluding that she was not disabled within the meaning of the Social Security Act. AR 17–31. Ms. West asked SSA's Appeals Council to review the ALJ's decision. AR 9–13. On February 6, 2017, the Appeals Council denied review, AR 1–6, making the ALJ's decision the final decision of SSA, *see Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). On April 7, 2017, Ms. West timely filed this appeal. (ECF No. 1.) I have jurisdiction pursuant to 42 U.S.C. § 405(g).

## II. Legal Standards

A. SSA's Five-Step Process for Determining Whether a Claimant Is "Disabled"

A claimant is disabled under Title II of the Social Security Act if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). SSA has established a five–step sequential evaluation process for

determining whether a claimant is disabled and thus entitled to benefits. 20 C.F.R. § 404.1520.

At step one, SSA asks whether the claimant is presently engaged in "substantial gainful activity." If she is, benefits are denied and the inquiry stops. § 404.1520(b). At step two, SSA asks whether the claimant has a "severe impairment"—that is, an impairment or combination of impairments that "significantly limits [her] physical or mental ability to do basic work activities." § 404.1520(c). If she does not, benefits are denied and the inquiry stops. If she does, SSA moves on to step three, where it determines whether the claimant's impairment(s) "meet or equal" one of the "listed impairments"—impairments so severe that SSA has determined that a claimant who has them is conclusively disabled without regard to the claimant's age, education, or work experience. § 404.1520(d). If not, SSA goes to step four. At step four, SSA determines the claimant's RFC—that is, what she is still able to do despite her impairments, and asks whether the claimant can do any of her "past relevant work" given that RFC. § 404.1520(e). If not, SSA goes to the fifth and final step, where it has the burden of showing that the claimant's RFC allows her to do other work in the national economy in view of her age, education, and work experience. § 404.1520(g). At this step, SSA's "grid rules" may mandate a finding of disabled or not disabled without further analysis based on the claimant's age, education, and work experience. 20 C.F.R. Pt. 404, Subpt. P, App. 2. In contrast with step five, the claimant has "the

burden of establishing a prima facie case of disability at steps one through four." *Doyal*, 331 F.3d at 760.

B.  **Standard for Reviewing SSA's Decision**

My review is limited to determining whether SSA applied the correct legal standards and whether its decision is supported by substantial evidence in the record. *Williamson v. Barnhart*, 350 F.3d 1097, 1098 (10th Cir. 2003). With regard to the law, reversal may be appropriate when SSA either applies an incorrect legal standard or fails to demonstrate reliance on the correct legal standards. *See Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). With regard to the evidence, I must "determine whether the findings of fact . . . are based upon substantial evidence, and inferences reasonably drawn therefrom. If they are so supported, they are conclusive upon the reviewing court and may not be disturbed." *Trujillo v. Richardson*, 429 F.2d 1149, 1150 (10th Cir. 1970). "Substantial evidence is more than a scintilla, but less than a preponderance; it is such evidence that a reasonable mind might accept to support the conclusion." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). I may not reweigh the evidence or substitute my judgment for that of the ALJ. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

## III. The ALJ's Decision

The ALJ followed the five-step analysis outlined above. At step one, the ALJ found that Ms. West had not engaged in substantial gainful activity since April 16, 2013. AR 22. At step two, the ALJ found Ms. West had one severe impairment: seizures. *Id.* At step three, the ALJ concluded that Ms. West's impairments did not meet or equal any of the "listed impairments" that mandate a conclusive finding of disability under the social security regulations. AR 23. At step four, the ALJ found that Ms. West had the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except no climbing of ladders, ropes or scaffolds. She should avoid concentrated exposure to extreme heat and cold; must avoid exposure to unprotected heights and dangerous machinery. Finally, she can only perform semi-skilled work.

AR 23. The ALJ determined that Ms. West could return to her past relevant work as a telemarketer and concluded that there were other jobs in the national economy that she could perform. AR 25–26. The ALJ accordingly concluded that Ms. West was not disabled under the Social Security Act during the relevant period. AR 27.

## IV. Analysis

Ms. West argues the ALJ failed to adequately develop the record with respect to her autoimmune disorder. Because I agree the ALJ erred by failing to obtain records about the treatment for Ms. West's autoimmune disorder, I decline to reach her other arguments regarding the ALJ's disability determination, which may be impacted by the new evidence.

5

The burden of proving disability is on a claimant. *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004) (citing *Bowen*, 482 U.S. at 146). But because a Social Security disability hearing is nonadversarial, "the ALJ bears responsibility for ensuring that 'an adequate record is developed during the disability hearing consistent with the issues raised.'" *Id.* (quoting *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 360–61 (10th Cir. 1993). "As a result, an ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to [her] attention during the course of the hearing." *Id.* (quotation omitted). The ALJ's duty is heightened when, as here, the claimant appears before the ALJ without counsel. *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

The ALJ knew that pertinent records about Ms. West's autoimmune disorder were missing from Ms. West's file. Records before the ALJ showed that in April 2015, Ms. West was diagnosed with lupus (an autoimmune disorder) after a blood test was positive for antinuclear antibodies (an indicator of an autoimmune disorder). AR 238, 240. She was referred to a rheumatologist, Dr. Timms. *Id.* However, because of "high demand," she could not get in to see Dr. Timms, the only rheumatologist in town, until several months later, in August 2015. AR 238, 240–42. Her treating physician noted that it would be "better" if Dr. Timms opined about her "current symptoms, capabilities, and the expected course of illness" because he was a "specialist." AR 424.

At the administrative hearing in January 2016, the ALJ remarked that the most recent medical records in the file were from April 2015—long before Ms. West

saw Dr. Timms. AR 35. In light of the missing records, the ALJ suggested that if Ms. West had an attorney, "they would make sure your file is complete and current" and "help get records that you believe are still outstanding. *Id.* In his decision denying benefits, the ALJ specifically noted that records from Dr. Timms's records "were not in the file." AR 23.

The ALJ erred when he failed to obtain records from Dr. Timms that he knew were pertinent. *See Carter v. Chater*, 73 F.3d 1019, 1021–22 (10th Cir. 1996) (holding ALJ failed to adequately develop record where ALJ knew of records from mental health provider but failed to obtain them). And the ALJ was wrong to suggest Ms. West needed an attorney to obtain updated medical records. Particularly since Ms. West was pro se, it was the ALJ's duty to obtain those records. *See Madrid*, 447 F.3d at 791 (explaining that ALJ's failure to obtain medical test results was "especially troubling because [the claimant] was not represented by counsel at his . . . hearing, the test results were in existence at the time of the hearing and apparently available, and the ALJ was aware the test was performed"); *Baker v. Bowen*, 886 F.2d 289, 291–92 (10th Cir. 1989) (holding ALJ failed to fully and fairly develop the record because the AL failed to obtain records from pro se claimant's treating physician).

I accordingly conclude that the ALJ erred when he failed to obtain records from Dr. Timms. Because these records may impact the ALJ's RFC analysis in other areas, I decline to reach Ms. West's other arguments respecting the ALJ's

7

RFC analysis. On remand, the ALJ should obtain and review the records from Dr. Timms and incorporate them into his analysis.

## V. Conclusion

For the above reasons, SSA's decision is REVERSED, and this case is REMANDED for proceedings consistent with this opinion.

Dated: March  20 , 2018, in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE